## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  09-02048** |
| | **Chapter   7** |
| **PMC MARKETING CORP** | |
| | **Adversary No. 12-00113** |
| **Debtor(s)** | |
| **NOREEN WISCOVITCH RENTAS, CHAPTER 7 TRUSTEE** | |
| **Plaintiff(s)** | |
| **vs.** | |
| **MUNICIPALITY OF SAN SEBASTIAN** | |
| **Defendant(s)** | **FILED & ENTERED ON _____** |

## OPINION & ORDER

Before this Court is a *Motion to Dismiss* filed by Municipality of San Sebastian ("Defendant") [Dkt. No. 16]; Plaintiff's *Opposition to the Motion to Dismiss* [Dkt. No. 23], and Defendant's *Reply* [Dkt. No. 26]. For the reasons set forth below, the Defendant's *Motion to Dismiss* is GRANTED.

### I.      Factual Background

Debtor, PMC Marketing Corporation ("Debtor"), filed a voluntary chapter 11 bankruptcy petition on March 18, 2009. On May 21, 2010, Debtor's bankruptcy case was converted to one under

1

chapter 7, and Noreen Wiscovitch Rentas was duly appointed chapter 7 Trustee ("Plaintiff").  On March 2, 2012, the Plaintiff filed a complaint for the recovery of monies pursuant to 11 USC § 547. Defendant's Motion to Dismiss and Plaintiff's Opposition followed.

Defendant argues that Plaintiff's complaint alleges Debtor was insolvent at the time of the alleged transfer and that said transfer was made within ninety days of March 18, 2009, the date of filing. Plaintiff however provides no facts to form the basis of said allegations since no information is provided as to Debtor's economic conditions prior to the order for relief, nor are any dates given as to when the alleged transfers took place. Defendant further alleges that Plaintiff's complaint violates 11 U.S.C. §546(a)'s practical effect as a statute of limitations. Therefore, Plaintiff's filing is time barred since she did not file her complaint by the March 21, 2011 deadline. Lastly, the Defendant contends that dismissal is appropriate pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

In its opposition, Plaintiff states that the complaint is clear as the estate made payments of $9,157.51 during the preference period to which it desires relief and that any inquiries that the Defendants may have could be raised in the discovery process. Further, Defendant's contention that the Plaintiff was insolvent is without legal merit since section 547(f) presumes debtor's insolvency. Plaintiff also contends that her complaint is not time barred because requests for extension to file avoidance actions were granted by the court within the allowed period. Lastly, in regards to a Rule 4(m) dismissal, Plaintiff asserts that it served the Defendant on May 31, 2012, inside the 120 day period allowed by Rule 4(m).

## II.      Legal Analysis and Discussion

In order to survive a motion to dismiss, a complaint must contain sufficient factual matter,

2

accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Katz v. Pershing, LLC, 672 F .3d 64, 72–73 (1st Cir.2012) (internal citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable ..." Ashcroft v. Iqbal, at 678, 129 S.Ct. 1937, 1949. A well-pleaded complaint may survive a motion to dismiss even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely. Twombly, 550 U.S. at 556, 127 S.Ct. 1955. On a motion to dismiss, however, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Thus, a plaintiff is not entitled to proceed perforce by virtue of allegations that merely parrot the elements of the cause of action. Ocasio–Hernandez v. Fortuno–Burset, 640 F.3d, at 12 (citing Twombly, 550 U.S. at 555, 127 S.Ct.1955) (internal citations omitted).

We now must determine whether the four corners of the complaint contain enough facts to state a plausible claim against Defendant. The cause of action pursuant to section 547 does not meet this standard. Without more, the Plaintiff recites the statutory language of 11 U.S.C. § 547 and incorporates that "debtor made a transfer of funds which were part of its property to the herein Defendant, a creditor of the Debtor. The transfer of funds was for the amount of $9,157.51." The complaint contains no information as to the form of payment or the dates such payments were made. As is, Plaintiff's complaint does not state a claim upon which relief can be granted. To survive a motion to dismiss, Plaintiff must do more than recite statutory language.

3

Because the complaint fails to satisfy the pleading standard under the relevant case law and in keeping with the principle of judicial economy, the court need not discuss Defendant's allegations as to the complaint being time barred under section 546(a), nor how dismissal is appropriate pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**III.     Conclusion**

In view of the above, the Defendant's *Motion to Dismiss* [Dkt. No. 16] is granted. WHEREFORE, IT IS ORDERED that the Defendant's *Motion to Dismiss* shall be, and it hereby is GRANTED. Judgment to be entered accordingly and the adversary case closed.

SO ORDERED

San Juan, Puerto Rico, this 27th day of July, 2015.

Brian K. Tester
U.S. Bankruptcy Judge